Juanita Brooks (CA Bar No. 75934)
Jason W. Wolff (CA Bar No. 215819)
Seth M. Sproul (CA Bar No. 217711)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
Email: brooks@fr.com; wolff@fr.com; sproul@fr.com

Attorneys for Defendants
DATALLEGRO, INC. and STUART FROST

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARY A. JARDIN,<br><br>    Plaintiff,<br><br>    v.<br><br>DATALLEGRO, INC. and STUART FROST,<br><br>    Defendants. | Case No.  08-CV-1462 IEG RBB<br>Hon. Irma E. Gonzalez<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO APPROVE ORDER FOR THE PRESERVATION OF DOCUMENTS AND ELECTRONIC EVIDENCE**<br><br>[To be decided without oral argument pursuant to Court Order dated August 22, 2008] |

08CV1462 IEG RBB

Pursuant to this Court's August 22, 2008, order, defendants DATAllegro, Inc. ("DATAllegro," or the "Company") and Stuart Frost hereby oppose the Motion to Approve Order for the Preservation of Documents and Electronic Evidence by plaintiff Cary A. Jardin.

## I.   INTRODUCTION AND SUMMARY

Defendants take litigation and their duties and discovery obligations under the Federal Rules of Civil Procedure very seriously.  They are aware of their obligations to preserve evidence, have issued appropriate litigation holds for this matter, and have not, as Plaintiff has stated, "altered or deleted" materials related to this case.  *See* Dkt. # 4-2 at 3.  Moreover, contrary to plaintiff's assertions, defendants have not "refused to enter into a meaningful preservation agreement delineating the specific scope and protocol of that preservation duty." *See* Dkt # 4-2 at 1.  Rather, plaintiff has attempted to unilaterally and unreasonably set arbitrary deadlines and intemperately filed motions to create an impression of non-compliance during the closing of DATAllegro's acquisition by Microsoft Corporation, without first satisfying the meet and confer requirements of Civil Rule 16.5(k).  Had plaintiff done so, it could have saved the court and defendants a substantial amount of time and money.  There is no evidence of "spoliation" here, and the two blog posting comments plaintiff alleges were "altered or deleted" were not.  *See* Dkt. # 4-2 at 3-4.  As such, there is no basis to enter the costly, burdensome, one-sided, and unfairly prejudicial order (which assumes there has been spoliation) that plaintiff has proposed.

## II.   DEFENDANTS ARE AWARE OF THEIR OBLIGATIONS TO PRESERVE EVIDENCE AND HAVE DEMONSTRATED THAT THEY WILL COMPLY WITH THOSE OBLIGATIONS.

On August 13, 2008, the day after plaintiff filed his complaint, DATAllegro's general counsel verbally instructed senior managers at the Company that all documents of any kind related to this case must be preserved.  Declaration of Greg T. Williams ("Williams Decl."), ¶ 2.  Those senior managers, in turn, were given responsibility for issuing the same instruction to employees under their respective chains of command.  *Id.*

On Wednesday, August 20, 2008, DATAllegro sent a thorough document preservation memo to key Information Technology ("IT") personnel, who are responsible for the Company's electronically stored information.  *Id.*, ¶ 3.  Just two days later, on August 22, 2008, after

finalizing the memo with prior counsel, a second document preservation memo was circulated to *all* DATAllegro employees.  *Id.*, ¶ 4.

On August 22, 2008, prior counsel for DATAllegro[1] sent a letter to plaintiff's counsel stating that DATAllegro knows of its preservation obligations, is meeting such obligations, and would continue to do so.  Exhibit 1 (letter to John Herman from Michael Attanasio dated August 22, 2008).

In sum, Defendants are aware of their obligations with respect to preserving documents and evidence, are represented by counsel knowledgeable about a litigant's discovery obligations as they relate to both hardcopy and digital documents, and have and will continue to comply with those obligations.

## III.    PLAINTIFF HAS SHORT CIRCUITED THE MEET AND CONFER REQUIREMENTS IN A TRANSPARENT ATTEMPT TO GAIN TACTICAL ADVANTAGE.

On August 14, 2008, just two days after filing the complaint and after the Company had issued its first litigation hold instructions, plaintiff's counsel sent Mr. Williams a letter to "remind" defendants of their duty to preserve evidence related to the lawsuit.  *See* Dkt. # 4-3 ("Herman Decl."), Ex. A.  ***The letter did not request a response.***  Six days later, on August 20, plaintiff sent another letter complaining of defendants' lack of response – even though a response was neither requested nor required in counsel's earlier letter – and unilaterally demanded a written confirmation that the Company was taking steps to preserve evidence.  *Id.*, Ex. C.  When plaintiff's unilateral and entirely arbitrary demand was not met ***within one day***, plaintiff rushed to the court without bothering to first meet and confer as is required under CivLR 16.5(k), which states:

> **Meeting of Counsel**. Counsel shall "meet and confer" prior to filing any discovery motion and shall seek to resolve the matter informally. If counsel are in the same county, they are to meet in person; if counsel practice in different counties, they are to confer by telephone. However, under no circumstances may counsel satisfy the "meet and confer" obligation by written correspondence.

---

[1] Cooley Godward Kronish LLP is DATAllegro's prior counsel.  Microsoft acquired DATAllegro this week.  Cooley is adverse to Microsoft Corporation in other matters.

On August 22, just two days after plaintiff's second letter, prior counsel for DATAllegro sent a letter to plaintiff stating in no uncertain terms that "our client is aware of its obligations with respect to the preservation of evidence, and intends to comply with those obligations."  *See* Exhibit 1.  With an eye toward relieving this Court's docket on an issue on which the parties should be able to agree, the letter suggested that the parties discuss a mutually acceptable document preservation plan, after which this motion and further action involving the Court's time would be moot.  *Id.*  Rather than meaningfully discussing this invitation to professionally resolve these issues without bothering the court, plaintiff's counsel immediately replied with an intemperate and counterproductive email.[2]  Exhibit 2 (email to Michael Attansio from John Herman dated August 22, 2008).

## IV.    PLAINTIFF'S ALLEGATION THAT MATERIALS HAVE BEEN "ALTERED OR DELETED" ARE MISCHARACTERIZATIONS OF THE RECORD

The basis of plaintiff's motion is that two comments to a blog posting by defendant Stuart Frost for the Company and hosted by a third party vendor were "altered or deleted," and states that action is necessary to "prevent further spoliation."  *See* Dkt. # 4-2 at 3-4; Herman Decl., Exs. D and E.  Plaintiff's allegations are not true and had plaintiff placed the importance of satisfying its meet and confer obligations over its attempts to gain tactical advantage in the litigation prior to filing its motion, such as by simply telephoning DATAllegro's general counsel, this whole exercise could have been avoided.  *See* Exhibit 2.

DATAllegro has a web log ("blog") account called "DATA-Beat" through a website hosted by a third-party vendor (found at http://www.beyeblogs.com).  Declaration of Kristin James ("James Decl."), ¶ 3.  The services of this third party vendor permit individuals (e.g., the public) to post comments in response to primary blog postings by DATAllegro personnel.  *Id.*, ¶ 2.  A number of public comments posted to primary blog postings are spam, and as such, blog

---

[2] While such immediate emails are increasingly and unfortunately the norm in some quarters, they do nothing to advance any sort of civil discourse.  *See, e.g.*, *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 431 (W.D.Pa. 2004) (rejecting "rush of a litigant to the courthouse" where movants failed to show a "need or justification for an order preserving evidence").

vendors, which host many blog sites, employ automated blog spam filters to automatically mark suspect comments as spam. *Id.*

In the present situation, there were two comment postings to the primary blog entry that the third party administrator at the third party website identified as spam when routinely filtering spam comments on the blog. *Id.* In the course of such spam filtering by the vendor, suspect messages are moved to the "junk" folder for the private blog account, where they can be manually inspected by the account holder and demarked as spam, thus making them once again publicly accessible. *Id.*, ¶¶ 2-4.

While the two blog comments were moved to the private "junk" folder at the third party website by the third party vendor; they were not altered or deleted but simply made temporarily inaccessible on the public facing portion of the blog. *Id.*, ¶ 4. As soon as defendants learned of this, the DATA-Beat blog account at the third party vendor's site was checked by DATAllegro staff, the two comments at issue were found in the "junk" folder, they were manually demarked as spam, and are once again publicly accessible.[3] *Id.*; Exhibit 3 (current copy of the blog posting and comments), *compare to* Dtk. 4-3, Ex. D (showing same date and time stamps for postings). (The posting and comments can also be viewed on the internet here: http://www.beyeblogs.com/DATAllegro/archive/2008/08/law_suit_by_car_1.php, and they are, to say the least, innocuous.) In sum, nothing was altered, deleted, or destroyed, but merely not visible to the public on the third party website for a short period of time.

## V. BALANCE OF FACTORS WEIGH IN FAVOR OF DENYING PLAINTIFF'S MOTION

In deciding whether to grant a motion to preserve evidence, Courts apply a three-factor balancing test:

---

[3] This issue highlights how complicated and costly complying with ESI rules can be, particularly where such systems are automated with little or no human intervention. They also highlight the need for compliance with the meet and confer requirements so as to avoid acting with only partial information.

1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering the evidence preservation.

*Daniel v. Coleman Co., Inc.*, 2007 WL 1463102, *2 (W.D. Wash. 2007); *see also Jacobs v. Scribner*, 2007 WL 1994235, *1 (E.D. Cal. 2007); *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-434 (W.D. Pa. 2004).

The moving party must make a proper case for such an order ". . ., and it does not suffice to say, 'Issue it because it won't hurt the other party.'" *Capricorn Power*, 220 F.R.D. at 432.  Yet that is precisely what the plaintiff argues,[4] despite the one-sided nature of the motion requiring an unnecessary and truly burdensome top-to-bottom review by DATAllegro of all of its ESI for nearly one hundred employees over the past few weeks.

## VI.   PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT IS UNWARRANTED AND MOOT

Against this backdrop, plaintiff's motion should be denied.  Since the moment defendants were served with the complaint in this matter, they have taken prompt and reasonable steps to preserve documents and evidence.  All of this occurred, it should be noted, while the Company was in the midst of virtually around-the-clock efforts to complete a transaction in which it was acquired by Microsoft Corp.  Williams Decl., ¶ 5.  Despite plaintiff's allegations to the contrary, there is no evidence that defendants have altered, destroyed, or deleted a single document.  In sum, plaintiff has not satisfied its burden[5] to show that a special preservation order is necessary or required (especially the one-sided and prejudicial order it has proposed) as defendants have taken prompt and reasonable steps to comply with their obligations to preserve evidence under the

[4] *See* Dkt. # 4-2 at 4 ("The requested preservation order merely commands the defendants to do what all litigants are otherwise required to do.").
[5] The plaintiff "must demonstrate . . . that there is real danger that the acts to be enjoined will occur, that there is no other remedy available, and that, under these circumstances, the court should exercise its discretion to afford the unusual relief provided by its injunction." *Capricorn Power*, 220 F.R.D. at 431-432.

1    Federal Rules, and will continue to do so.

2    **VII.    CONCLUSION**

3         For the reasons stated above, plaintiff's motion should be denied.

4                                              Respectfully Submitted

5                                              FISH & RICHARDSON P.C.

6    Dated: August 27, 2008                    By:  s/ Jason W. Wolff_____
                                              Juanita Brooks (CA Bar No. 75934)
7                                              Jason W. Wolff (CA Bar No. 215819)
                                              Seth M. Sproul (CA Bar No. 217711)
8                                              FISH & RICHARDSON P.C.
9                                              12390 El Camino Real
                                              San Diego, CA 92130
10                                             Telephone: (858) 678-5070
                                              Facsimile: (858) 678-5099
11                                             Email: brooks@fr.com; wolff@fr.com;
                                              sproul@fr.com
12
                                              Attorneys for Defendants
13                                             DATALLEGRO, INC. and STUART FROST

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **<u>CERTIFICATE OF SERVICE</u>**

2     The undersigned hereby certifies that a true and correct copy of the above and foregoing

3  document has been served on August 27, 2008 to all counsel of record who are deemed to have

4  consented to electronic service via the Court's CM/ECF system per CivLR 5.4.  Any other

5  counsel of record will be served by U.S. mail or hand delivery.

6                                    s/ Jason W. Wolff
7                                    Jason W. Wolff (CA Bar No. 215819)
                                     wolff@fr.com
8                                    Attorney for Defendants
                                     DATALLEGRO, INC. and STUART FROST

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Cooley
## GODWARD KRONISH/LLP

Michael A. Attanasio
(858) 550-6020
mattanasio@cooley.com

<div align="right">VIA MAIL AND EMAIL</div>

August 22, 2008

John C. Herman
Coughlin Stoia Geller Rudman & Robbins
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326

Darren J. Robbins
Coughlin Stoia Geller Rudman & Robbins
655 West Broadway
Suite 1900
San Diego, CA  92101

**RE: *Cary A. Jardin v. DATAllegro, Inc., and Stuart Frost***
     **S.D. Cal. Civil Action no. 08 CV 1462 IEG RBB**

Dear Counsel:

This firm represents DATAllegro, Inc., and Stuart Frost in the referenced matter.  Please direct all future correspondence to Bill Galliani (address below) and me, and refrain from corresponding directly with DATAllegro employees or Mr. Frost.

We have received your August 14 and August 20, 2008, letters regarding the preservation of evidence related to the lawsuit.  Our client is aware of its obligations with respect to the preservation of evidence, and intends to comply with those obligations.

I also have been provided a copy of the motion papers you filed today.  While that filing was certainly improvident in the absence of any evidence whatsoever suggesting that court intervention is or will be necessary in this case, we are prepared to discuss with you a <u>mutual</u> document preservation plan.  I am confident that once we have such discussions, you will be able to take your motion off calendar and avoid imposing an undue burden on Judge Brooks.

Exhibit 1 Page 1



John C. Herman
August 22, 2008
Page Two

Finally, we remind you of your client's obligations to preserve all evidence related in any way to the subject matter of the lawsuit.    Consider this letter notice to you and your client not to destroy, conceal or alter any such paper or electronic files, or other data generated and/or stored on your client's computer systems and storage media.

Sincerely,

Michael A. Attanasio

cc:    William S. Galliani
       Cooley Godward Kronish LLP
       Five Palo Alto Square
       3000 El Camino Real
       Palo Alto, CA 94306-2155

600628 v1/SD

Exhibit 1 Page 2

```
----- Original Message -----
From: John Herman <JHerman@csgrr.com>
To: Issa, Sylvana; Darren Robbins <DarrenR@csgrr.com>
Cc: Attanasio, Michael; Galliani, Bill
Sent: Fri Aug 22 15:21:02 2008
Subject: RE: DATAllegro:  Correspondence 8-22-08
```

stealing is improvident

destroying evidence is improvident

not responding to multiple letters is improvident

filing motion to protect client is prudent

if your clients consent to the relief requested, we will withdraw the motion.


NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and protected from
disclosure by the attorney-client privilege, as attorney work product, or by other
applicable privileges.  Any unauthorized review, use, disclosure or distribution is
prohibited.
If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.


_____

```
From: Issa, Sylvana [mailto:sissa@cooley.com]
Sent: Fri 8/22/2008 1:50 PM
To: Darren Robbins; John Herman
Cc: Attanasio, Michael; Galliani, Bill
Subject: DATAllegro: Correspondence 8-22-08
```


Dear Counsel:

Please see attached correspondence.


Best Regards,

Sylvana Issa
Assistant to Michael A. Attanasio, Partner, Aaron P. Arnzen, Associate & Samantha M.
Everett, Associate Cooley Godward Kronish LLP • 4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: (858) 550-6471 • Fax: (858) 550-6420
Email: sissa@cooley.com • www.cooley.com <file://www.cooley.com/>


<<Letter 8-22-08.pdf>>

This email message is for the sole use of the intended recipient(s) and may contain

Exhibit 2 Page 3

confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.



Subscribe to feed

# Law Suit by Cary A. Jardin against DATAllegro and Stuart O. Frost

As some of you will have seen, a law suit was filed yesterday against DATAllegro and me (at least I think it's me, but I don't actually have a middle initial!).

After analyzing the claims, we feel strongly that they're completely without merit and intend to vigorously defend our position. Given the prior art in this area, we're also considering asking the Patent Office to re-examine Jardin's patent.

Posted by DATAllegro on August 14, 2008 12:17 AM | Permalink

## Comments (2)

Bob Ott:

Is this a nuisance lawsuit given your good fortune with the Microsoft acquisition?
Does this development put the deal in jeopardy?

Posted by Bob Ott | August 14, 2008 4:20 PM

Stuart Frost:

Bob,

I think you can come to your own conclusions on the timing of the lawsuit.

As for the deal, we're still progressing as before.

Stuart

Posted by Stuart Frost | August 15, 2008 12:44 AM

## Post a comment

First and last name required for publication

Email Address (Will not be published) (Required)

Website

☐ Remember personal info?

Comments:

Submit Comment

Whether you have a few terabytes of user data or
petabytes, DATAllegro's data warehouse appliances
deliver a fast, flexible and affordable solution that allows
a company's data to grow at the pace of its business.
Based in Aliso Viejo, California, DATAllegro has offices
throughout the US as well as in Europe.



Resource Library

Free Proof of Concept

Have Us Contact You

Newsletter Sign Up

Contact Us: **(877) 499-3282**

© 2008 DATAllegro Inc. All rights reserved. DATAllegro is a trademark of DATAllegro, Inc.
All other companies are the trademark or registered trademark of their respective owners.

Exhibit 3 Page 6

1  Juanita Brooks (CA Bar No. 75934)
   Jason Wolff (CA Bar No. 215819)
2  Seth Sproul (CA Bar No. 217711)
   FISH & RICHARDSON P.C.
3  12390 El Camino Real
   San Diego, CA 92130
4  Telephone: (858) 678-5070
   Facsimile: (858) 678-5099
5  Email: brooks@fr.com; wolff@fr.com; sproul@fr.com
6
7  Attorneys for Defendants
   DATALLEGRO, INC. and STUART FROST
8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10
11 CARY A. JARDIN,                    Case No.  08-CV-1462 IEG RBB
                                       Hon. Irma E. Gonzalez
12              Plaintiff,
13        v.                           **DECLARATION OF KRISTIN JAMES**
14 DATALLEGRO, INC. and STUART FROST,
15              Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Kristin James, hereby declare and state the following to be true:

1.    I work at DATAllegro, Inc. ("the Company") as Public Relations Manager. Among my responsibilities are outward facing marketing tasks, including attending to issues with the Company's blogging activity at the DATA-Beat blog.

2.    A blog account (a "web log") allows an account holder to post entries for discussion and the public to view these entries and submit comments. Because of the dynamic and open nature of this activity, blogs are susceptible to unsolicited comments, including by automated spammers. Given this risk, most blog hosting vendors employ special software tools, such as automated blog spam filters to automatically and bulk identify suspect comments as spam. These messages are, in the case of the DATA-Beat blog, are moved to a "junk" folder where they are available for manual inspection by a human being knowledgeable about whether the comments really are spam. While in the "junk" folder, such comments are not visible to the public, though they still exist. If a comment in the "junk" folder is determined not to be spam, then it is demarked as spam in the private "junk" folder and thus returned to public view.

3.    On Saturday, August 23, I learned that that two public comment postings to a primary blog posting by Stuart Frost, which are hosted at third party website (http://www.beyeblogs.com) on the Company's DATA-Beat account at the third party vendor, had disappeared from public display. On the same day, the Company began looking into this matter.

4.    On Sunday, August 24, I discovered that the two comments to the blog, which are the subject of plaintiffs motion, had been moved to a "junk" folder by the third party software vendor. This process, which was not performed by the Company, did not alter or delete the comments, but simply made them temporarily inaccessible from the publicly available, third party hosted DATA-Beat blog. Moreover, once the two comments were demarked as spam, they returned to the publicly accessible DATA-Beat blog on the vendor's website. A true and correct copy of the DATA-Beat blog posting and the two comments as of August 26, 2008 is found as Exhibit 3.

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true.

3

4    Dated:  August 27, 2008

Kristin James

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 27, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4.  Any other counsel of record will be served by U.S. mail or hand delivery.

s/ Jason W. Wolff
Jason W. Wolff (CA Bar No. 215819)
wolff@fr.com
Attorney for Defendants
DATALLEGRO, INC. and STUART FROST

08CV1462 IEG RBB

1  Juanita Brooks (CA Bar No. 75934)
2  Jason Wolff (CA Bar No. 215819)
   Seth Sproul (CA Bar No. 217711)
3  FISH & RICHARDSON P.C.
   12390 El Camino Real
4  San Diego, CA 92130
   Telephone: (858) 678-5070
5  Facsimile: (858) 678-5099
   Email: brooks@fr.com; wolff@fr.com; sproul@fr.com
6
7  Attorneys for Defendants
   DATALLEGRO, INC. and STUART FROST
8
9              UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11
   CARY A. JARDIN,                    Case No.  08-CV-1462 IEG RBB
12                                     Hon. Irma E. Gonzalez
              Plaintiff,
13
       v.                             **DECLARATION OF GREG T.**
14                                     **WILLIAMS**
   DATALLEGRO, INC. and STUART FROST,
15
              Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARY A. JARDIN,<br><br>Plaintiff,<br><br>v.<br><br>DATALLEGRO, INC. and STUART FROST,<br><br>Defendants. | Case No. 08-CV-1462 IEG RBB<br>Hon. Irma E. Gonzalez<br><br>**DECLARATION OF<br>GREG T. WILLIAMS** |

I, Greg T. Williams, hereby declare and state the following to be true:

1.      I am Vice President and General Counsel at DATAllegro, Inc. (the "Company"); I was admitted to the State Bar of California in 1989.

2.      On August 13, 2008, I verbally instructed senior managers at the Company that all documents of any kind related to this case must be preserved. These senior managers were in turn assigned responsibility for issuing the same instruction to employees under their respective chains of command.

3.      On August 20, 2008, the Company, at my direction, sent a thorough document preservation memo to key Information Technology personnel, who are responsible for the Company's electronically stored information.

4.      On August 22, 2008, a second thorough document preservation memo was circulated to all employees of the Company.

5.      During the period from the commencement of the suit through the closing date of August 25, the Company has been working diligently and under tremendous time constraints to close a transaction in which it was acquired by Microsoft Corporation. It nevertheless believes it has reasonably and fully complied with its discovery obligations under the Federal Rules.

I declare under penalty of perjury under the laws of the United States that the foregoing is true.

Signed August 27, 2008

Greg T. Williams

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 27, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4.  Any other counsel of record will be served by U.S. mail or hand delivery.

s/ Jason W. Wolff
Jason W. Wolff (CA Bar No. 215819)
wolff@fr.com
Attorney for Defendants
DATALLEGRO, INC. and STUART FROST