COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
RANDALL J. BARON (150796)
A. RICK ATWOOD, JR. (156529)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
randyb@csgrr.com
ricka@csgrr.com
       – and –
JOHN C. HERMAN
RYAN K. WALSH
JOSEPH BENZ III
JASON S. JACKSON
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6500
404/504-6501 (fax)
jherman@csgrr.com
rwalsh@csgrr.com
jbenz@csgrr.com
jjackson@csgrr.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARY A. JARDIN, ) | No. 08-CV-1462-IEG-RBB |
| ) | |
| Plaintiff, ) | REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR |
| vs. ) | PRESERVATION OF EVIDENCE |
| ) | |
| DATALLEGRO, INC. and STUART FROST, ) | |
| ) | |
| Defendants. ) | |

NOW COMES plaintiff Cary A. Jardin and makes and files this reply memorandum in support of his Motion for the Preservation of Evidence.

Defendants' arguments against the entry of a preservation order can be distilled to two claims: (1) plaintiff's counsel did not "meet and confer" with defendants' counsel prior to filing this Motion, and (2) plaintiff "mischaracterizes" the status of certain electronic evidence by claiming it had been "altered or deleted" when it had not been. Both of defendants' arguments are without merit.

## I. PLAINTIFF DID ATTEMPT TO MEET AND CONFER

As an initial matter, plaintiff's counsel sent three letters to defendants and their patent counsel of record on this issue that spanned the course of eight (8) days. Declaration of John C. Herman ("Herman Decl."), ¶3-6 and Exs. A-C. During this time period, defendants never sent a letter or an email or made a phone call in response. *Id.* at ¶6. When statements attributed to defendant Stuart Frost ("Frost") about this very litigation disappeared from defendants' website, plaintiff rightfully raised the issue and requested prompt assurances from defendants regarding preservation. The third and last letter from plaintiff's counsel unequivocally stated that "If we do not receive this written confirmation by the close of business tomorrow, we will be forced to seek prompt relief from the Court." *Id*. at Ex. C. Defendants again failed to respond. Defendants' argument appears to be that plaintiff should be required to make yet another attempt to communicate with defendants on this time sensitive issue.[1] This argument is without merit.

Defendants' counsel contacted plaintiff's counsel only *after* plaintiff was forced to file the Motion. At this time, defendants objected to the proposed preservation order as being one-sided. *See* Defendants' Opposition to Plaintiff's Motion to Approve Order for the Preservation of Documents and Electronic Evidence (Defs. Opp." or "Opposition") at Ex. 1 at 1. This is a complaint they continue to advance in their Opposition Brief. *Id.* at 1. Yet defendants fail to disclose to the

---

[1] Given that defendants failed to respond to three letters over an eight (8) day period, defendants' statement that "this whole exercise could have been avoided" if plaintiff had simply telephoned Datallegro's counsel is remarkable. Defs. Opp. at 3.

Court that plaintiff, in an effort to resolve this matter short of court intervention, actually proposed a consent order that addressed the very concern raised by defendants – making the preservation obligations mutual. Second Declaration of John C. Herman ("Second Herman Declaration") at Ex. A. Defendants failed to respond to this proposed consent order and simply filed their Opposition some eight (8) hours later. Defendants' failure to respond to plaintiff or disclose this attempt by plaintiff to avoid further burdening the Court with this issue, while at the same time representing to the Court that plaintiff "could have saved the court and defendants a substantial amount of time and money" is disingenuous. Defs. Opp. at 1.

## II.  DEFENDANTS DID IN FACT "ALTER" ELECTRONIC EVIDENCE

Defendants admit that evidence was removed from their website at www.datallegro.com. Incredibly, defendants claim that comments attributed to their own CEO on his personal blog about this litigation were identified as "spam" and removed.[2] Defs. Opp. at 3-4. In so doing, defendants claim that these statements attributed to defendant Frost about this very litigation were not "altered." That claim is not accurate.

When defendants' agent caused statements by defendant Frost to be removed from its website, it most certainly "altered" its own website. The website statements could be seen and captured one day by plaintiff's counsel, the next day they could not. Had plaintiff's counsel not been diligent in securing this evidence, it may have been irretrievably lost. Moreover, defendants' agent altered people's ability to see and comment on the very "blog" defendant Frost had created about this litigation. To claim this evidence was not altered strains credibility.

## III.  PRESERVATION ORDER

On this record, a preservation order is appropriate in this case for two additional reasons. First, defendants have displayed an aggressive view of how much latitude they consider appropriate in their duties to preserve evidence. If removing a defendant's comments about this litigation from

---

[2] While the motives in removing statements about this litigation attributed to defendants' CEO are not necessarily at issue for the purposes of this Motion, plaintiff does note that these comments clearly were not "spam" and that they were not captured by an automated spam filter that prevented them from being posted as they did in fact appear on the website for some period of time.

their website and putting them into a "spam" folder is not altering evidence in their minds, a preservation order is plainly needed.

Second, defendants' efforts to preserve evidence to date have been unsuccessful. Defendants claim that Datallegro's General Counsel gave an oral instruction and then sent a written memorandum regarding the preservation of documents prior to August 22, 2008. Declaration of Greg T. Williams at 1. Unfortunately, neither of these instructions prevented the alteration of defendant's website. Given that defendants' oral instruction and written instruction were not sufficient to prevent the alteration of evidence, a court order is needed.

As plaintiff previously offered to defendants, a mutual preservation order is acceptable. A proposed mutual preservation order is attached to the Second Herman Declaration.

Given the fact that defendants did alter some evidence, however, plaintiff does believe it appropriate that defendants state what has occurred to date. To the extent that no other evidence has been altered or destroyed, this presents little or no burden on defendants.

## IV.   CONCLUSION

All of these factors weigh in favor of entry of the proposed order. The proposed order is narrowly drawn and is not unduly burdensome. Plaintiff respectfully requests that the Court enter an Order Preserving Evidence.

DATED: August 28, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
RANDALL J. BARON
A. RICK ATWOOD, JR.


              s/ A. RICK ATWOOD, JR.
              A. RICK ATWOOD, JR.

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

| | |
|---|---|
| 1 | |
| 2 | COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP |
| 3 | JOHN C. HERMAN<br>RYAN K. WALSH |
| 4 | E. JOSEPH BENZ III<br>JASON S. JACKSON |
| 5 | 3424 Peachtree Road, N.E., Suite 1650<br>Atlanta, GA  30326 |
| 6 | Telephone:  404/504-6500<br>404/504-6501 (fax) |
| 7 | Attorneys for Plaintiff |

S:\CasesSD\Jardin_Datallegro IP\BRF00053721.doc

REPLY MEMORANDUM                       - 4 -                       08-CV-1462-IEG-RBB

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 28, 2008.

    s/ A. RICK ATWOOD, JR.
A. RICK ATWOOD, JR.

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:ricka@csgrr.com

# Mailing Information for a Case 3:08-cv-01462-IEG-RBB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **A Rick Atwood , Jr**
  ricka@csgrr.com,jherman@csgrr.com,lisamp@csgrr.com,e_file_sd@csgrr.com

- **Seth M Sproul**
  sproul@fr.com,JWillis@fr.com,bettencourt@fr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Randall J Baron
Coughlin Stoia Geller Rudman and Robbins
655 west Broadway
Suite 1900
San Diego, CA 92101
```

| | |
|---|---|
| 1 | COUGHLIN STOIA GELLER |
|   |   RUDMAN & ROBBINS LLP |
| 2 | DARREN J. ROBBINS (168593) |
|   | RANDALL J. BARON (150796) |
| 3 | A. RICK ATWOOD, JR. (156529) |
|   | 655 West Broadway, Suite 1900 |
| 4 | San Diego, CA 92101 |
|   | Telephone: 619/231-1058 |
| 5 | 619/231-7423 (fax) |
|   | darrenr@csgrr.com |
| 6 | randyb@csgrr.com |
|   | ricka@csgrr.com |
| 7 |      – and – |
|   | JOHN C. HERMAN |
| 8 | RYAN K. WALSH |
|   | JOSEPH BENZ III |
| 9 | JASON S. JACKSON |
|   | 3424 Peachtree Road, N.E. |
| 10 | Suite 1650 |
|   | Atlanta, GA 30326 |
| 11 | Telephone: 404/504-6500 |
|   | 404/504-6501 (fax) |
| 12 | jherman@csgrr.com |
|   | rwalsh@csgrr.com |
| 13 | jbenz@csgrr.com |
|   | jjackson@csgrr.com |
| 14 | |
|   | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARY A. JARDIN, | ) | No. 08-CV-1462-IEG-RBB |
| | ) | |
|        Plaintiff, | ) | SECOND DECLARATION OF JOHN C. HERMAN |
| | ) | |
|   vs. | ) | |
| | ) | |
| DATALLEGRO, INC. and STUART FROST, | ) | |
| | ) | |
|        Defendants. | ) | |
| _____ | ) | |

1        I, JOHN C. HERMAN, hereby declare and state as follows:

2        1.      I am over the age of 18 and submit this Declaration freely and for all purposes permitted by law.

3        2.      I am a partner at the law firm of Coughlin Stoia Geller Rudman & Robbins LLP and counsel to plaintiff Cary A. Jardin in the above-captioned litigation.

4        3.      On August 27, 2008, I sent an email to Jason Wolff, counsel for defendant Datallegro, Inc. A true and correct copy of this email, with its attachments, is attached hereto as Exhibit A.

5        4.      I never received a response to this email.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration is executed this 28th day of August, 2008, in Atlanta, Georgia.

_____
JOHN C. HERMAN

S:\CasesSD\Jardin_Datallegro IP\DEC00053723.doc

SECOND HERMAN DEC         - 1 -         08-CV-1462-IEG-RBB

# EXHIBIT A

## John Herman

| | |
|---|---|
| **From:** | John Herman |
| **Sent:** | Wednesday, August 27, 2008 11:30 AM |
| **To:** | Jason Wolff |
| **Cc:** | Darren Robbins; Randall Baron; Rick Atwood |
| **Subject:** | FW: Jardin v. Frost and Datallegro |
| **Attachments:** | Jardin - Revised Proposed Order.pdf; Letter 8-22-08.pdf |

Jason --

Thank you for your voicemail last night. Because you are substituting into the case, Cooley requested and we agreed to an extension yesterday in connection with the filing of defendants' answer.

I understand that you also now wish to delay responding to the preservation motion. We do not see a need for any delay on this issue. Attached is defendants' counsel letter to me dated August 22 requesting, among other things, that this preservation order be bilateral. Below is an email I sent to Mike Attansio at Cooley yesterday that attached a revised proposed consent order. As you can see, the consent order is now bilateral as defendants requested such that the preservation obligations apply equally to Mr. Jardin, on the one hand, and Datallegro and Mr. Frost, on the other. I understand that counsel for defendants have already put in place such preservation requirements. As a result, I do not understand the need for any further delay.

The second obligation in the proposed order is for defendants simply to tell the Court and us if anything has been deleted or altered. I understand that Cooley does not believe that any evidence has been lost or destroyed by the defendants. But even if it has, this provision gives you 30 days to respond. This should be plenty of time for you to conduct whatever interviews are necessary.

As a result, an extension on this issue seems unnecessary. If, however, you still believe that an extension is necessary, please do not hesitate to contact me today to discuss.

Regards,

John C. Herman
Coughlin Stoia Geller Rudman & Robbins, LLP
3424 Peachtree Road, NE, Suite 1650
Atlanta, GA 30326
404-504-6555 (office)
404-504-6501 (facsimile)
jherman@csgrr.com

---

**From:** John Herman
**Sent:** Tuesday, August 26, 2008 6:00 PM
**To:** Attanasio, Michael
**Cc:** Rick Atwood
**Subject:** Jardin v. Frost and Datallegro

Mike -

Thank you for your phone call earlier today. To confirm, we will consent to an additional 20 days to file an Answer or otherwise respond, which would move the response date to September 22.

Also, as we discussed, I attach a revised proposed Order for the Court to enter on the Preservation of Evidence. I believe that this would protect our respective clients moving forward.

Regards,

John C. Herman
Coughlin Stoia Geller Rudman & Robbins, LLP
3424 Peachtree Road, NE, Suite 1650
Atlanta, GA  30326
404-504-6555 (office)
404-504-6501 (facsimile)
jherman@csgrr.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CARY A. JARDIN, | ) | No. 08-CV-1462-IEG-RBB |
|---|---|---|
| Plaintiff, | ) | CONSENT ORDER GRANTING INJUNCTION TO PRESERVE EVIDENCE |
| vs. | ) | |
| DATALLEGRO, INC. and STUART FROST, | ) | |
| Defendants. | ) | |

4

EXHIBIT A

1     This matter having come before the Court on the Motion of plaintiff Cary A. Jardin ("Jardin"); and

    The Court having reviewed all of the pleadings filed by the parties; and

    IT APPEARING THAT defendants Datallegro, Inc. ("Datallegro") and Stuart Frost ("Frost") and plaintiff Cary A. Jardin consent to the entry of this Order as indicated by the signatures of their respective counsel below;

    IT FURTHER APPEARING THAT, without an injunction, it is possible that relevant information or data could be irretrievably altered, deleted or otherwise lost or destroyed;

    THE COURT HEREBY ORDERS the following:

    1.     All parties in this case shall take all reasonable steps immediately to preserve all documents and things within their possession, custody, or control, including but not limited to, website information, that are reasonably likely to lead to the discovery of admissible evidence in this litigation, including but not limited to, immediate segregation of all computer hard drives and electronic mail servers that contain – or prior to deletion did contain – any data that is reasonably likely to lead to the discovery of admissible evidence in this litigation; and

    2.     Datallegro and Frost shall take all reasonable steps to investigate and determine whether any additional information, data, or documents relevant to the claims or defenses in this litigation have been lost or destroyed and provide a report to the Court of their findings within thirty (30) days of the entry of this Order.

    IT IS SO ORDERED.

DATED: _____

                                        THE HONORABLE IRMA E. GONZALEZ
                                        UNITED STATES DISTRICT JUDGE

1 | Submitted by,

2 | COUGHLIN STOIA GELLER     COOLEY GODWARD KRONISH LLP
    RUDMAN & ROBBINS LLP     MICHAEL A. ATTANASIO
3 | DARREN J. ROBBINS
RANDALL J. BARON
4 | A. RICK ATWOOD, JR.

5

6 |       /s/ A. Rick Atwood, Jr.               /s/ Michael A. Attanasio
     A. RICK ATWOOD, JR.          MICHAEL A. ATTANASIO
7

8 | 655 West Broadway, Suite 1900     4401 Eastgate Mall
San Diego, CA 92101     San Diego, CA 92121
Telephone: 619/231-1058     Telephone: 858/550-6000
9 | 619/231-7423 (fax)     858-550-6420 (fax)

10 | COUGHLIN STOIA GELLER     Attorneys for Defendants
    RUDMAN & ROBBINS LLP
11 | JOHN C. HERMAN
RYAN K. WALSH
12 | E. JOSEPH BENZ III
JASON S. JACKSON
13 | 3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
14 | Telephone: 404/504-6500
404/504-6501 (fax)
15
Attorneys for Plaintiff
16
S:\CasesSD\Jardin_Datallegro IP\ORD00053574.doc

17

18

19

20

21

22

23

24

25

26

27

28

ORDER                 6  - 2 -                               08-CV-1462-IEG-RBB

EXHIBIT A



Michael A. Attanasio
(858) 550-6020
mattanasio@cooley.com

VIA MAIL AND EMAIL

August 22, 2008

John C. Herman
Coughlin Stoia Geller Rudman & Robbins
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326

Darren J. Robbins
Coughlin Stoia Geller Rudman & Robbins
655 West Broadway
Suite 1900
San Diego, CA 92101

RE: *Cary A. Jardin v. DATAllegro, Inc., and Stuart Frost*
S.D. Cal. Civil Action no. 08 CV 1462 IEG RBB

Dear Counsel:

This firm represents DATAllegro, Inc., and Stuart Frost in the referenced matter. Please direct all future correspondence to Bill Galliani (address below) and me, and refrain from corresponding directly with DATAllegro employees or Mr. Frost.

We have received your August 14 and August 20, 2008, letters regarding the preservation of evidence related to the lawsuit. Our client is aware of its obligations with respect to the preservation of evidence, and intends to comply with those obligations.

I also have been provided a copy of the motion papers you filed today. While that filing was certainly improvident in the absence of any evidence whatsoever suggesting that court intervention is or will be necessary in this case, we are prepared to discuss with you a mutual document preservation plan. I am confident that once we have such discussions, you will be able to take your motion off calendar and avoid imposing an undue burden on Judge Brooks.

# Cooley
## GODWARD KRONISH LLP

John C. Herman
August 22, 2008
Page Two

Finally, we remind you of your client's obligations to preserve all evidence related in any way to the subject matter of the lawsuit. Consider this letter notice to you and your client not to destroy, conceal or alter any such paper or electronic files, or other data generated and/or stored on your client's computer systems and storage media.

Sincerely,

Michael A. Attanasio

cc:   William S. Galliani
      Cooley Godward Kronish LLP
      Five Palo Alto Square
      3000 El Camino Real
      Palo Alto, CA 94306-2155

600628 v1/SD