# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARY A. JARDIN, <br><br>         Plaintiff, <br>   vs. <br><br> DATALLEGRO, INC. and STUART FROST, <br><br>         Defendants. | CASE NO. 08-CV-1462-IEG-RBB <br><br> ORDER DENYING MOTION FOR INJUNCTION TO PRESERVE EVIDENCE <br><br> (Doc. No. 4) |

Presently before the court is plaintiff Cary A. Jardin's motion for the preservation of evidence in this case. (Doc. No. 4.) Defendants have filed an opposition (Doc. No. 15) and plaintiff has filed a reply (Doc. No. 16). Plaintiff claims defendants destroyed relevant evidence after he filed his suit for patent infringement. Plaintiff requests the Court issue an injunction against the further destruction of evidence. For the following reasons, the Court denies the motion.

The parties are already under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence. Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006); Nat'l Assoc. of Radiation Survivors v. Turnage, 115 F.R.D. 543 (N.D. Cal. 1987).[1] The Court may enter an order for the preservation of evidence on the motion of a party. In considering such a

---

[1] Both negligent and intentional spoliation of evidence are torts in California. See Lewis v. J.C. Penney, Inc., 12 F. Supp. 2d 1083, 1086 (E.D. Cal. 1998) (citing Willard v. Caterpillar, Inc., 40 Cal. App. 4th 892, 907 (Cal. Ct. App. 1995).

motion, other district courts have adopted a balancing test and weighed:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

Jacobs v. Scribner, No. 06cv1280-AWI-NEW (DLB), 2007 WL 1994235 at *1 (E.D. Cal. July 5, 2007) (citing Daniel v. Coleman Co., Inc., No. 06-5706 KLS, 2007 WL 1463102 at *2 (W.D. Wash. May 17, 2007).[2]

First, the Court considers plaintiff's claim that defendants have destroyed relevant evidence. On August 14, 2008, defendant Stuart Frost posted a blog about this litigation on Datallegro's web log. (Plaintiff's Exhibit D.) A comment posted that same day, attributed to "Bob Ott," asked: "Is this a nuisance lawsuit given your good fortune with the Microsoft acquisition? Does this development put the deal in jeopardy?" (Id.) On August 15, 2008, Mr. Stuart posted a response: "Bob, I think you can come to your own conclusions on the timing of the lawsuit. As for the deal, we're still progressing as before." (Id.) Although these two comments initially appeared on the web log, they were later removed. (Id. & Plaintiff's Exhibit E.) Defendants have provided evidence that the comments were not publically accessible due to an overzealous third-party spam filter. (James Declaration In Support Of Defendants' Opposition.) Plaintiff argues the removal of these comments constituted the destruction of evidence.

The comments are speculation regarding plaintiff's motives in bringing this case. Plaintiff does not explain why these comments are relevant or could lead to the discovery of admissible evidence.[3] The comments do not concern the patents at issue. The complaint does not indicate the

---

[2]See also Columbia Pictures Indus. v. Bunnell, No. 06-1093 FMC JCX, 2007 WL 2080419 (C.D. Cal. May 29, 2007); Capricorn Power Co. v. Siemens Westinghouse Power Corp., 220 F.R.D. 429, 432-33 (W.D. Pa. 2004).

[3]Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Rule 26(b) of the Federal Rules of Civil Procedure allows the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and notes "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

1 Microsoft acquisition is relevant to any issue. Accordingly, even if defendants had intentionally
2 removed the comments from the website, defendants did not destroy relevant evidence. Cf. Columbia
3 Pictures, 2007 WL 2080419 (issuing order to preserve evidence after a showing the evidence was
4 relevant to the parties' claims and defenses). The Court therefore finds no cause for concern that
5 evidence may be destroyed and finds no likelihood of irreparable harm if the requested injunction does
6 not issue.[4]

7 Defendants have represented to the Court that they intend to meet their discovery obligations
8 and will meet and confer with plaintiff to define the scope of the parties' preservation obligations and
9 protocols. The Court rejects plaintiff's argument that defendants have acted uncooperatively in failing
10 to respond to plaintiff's letters. Defendants' failure to immediately respond to plaintiff's August 14,
11 2008 and August 18, 2008 letters regarding discovery obligations is not suspicious because those
12 letters did not call for any response.

13 Accordingly, the Court DENIES the motion for an injunction to preserve evidence without
14 prejudice. The Court refers the parties to Magistrate Judge Brooks for any disputes regarding the
15 scope of discovery.

17 **IT IS SO ORDERED.**

19 **DATED: September 3, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

28 [4]The final factor is neutral because defendants' technological capability to preserve evidence is also not disputed at this stage.