# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARY A. JARDIN,<br><br>                    Plaintiff,<br><br>vs.<br><br>DATALLEGRO, INC. and STUART FROST,<br><br>                    Defendants. | **CASE NO: 08-CV-1462-IEG (WVG)**<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' REMAINING COUNTERCLAIMS;**<br><br>**(2) ENTERING JUDGMENT OF NON-INFRINGEMENT; AND**<br><br>**(3) DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br> [Doc. Nos. 201, 179] |

   Presently before the Court is Plaintiff's motion to dismiss Defendants' counterclaims for declaratory judgment that Plaintiff's '874 patent is invalid and unenforceable.  [Doc. No. 201.]  For the reasons stated below, the Court **GRANTS** Plaintiff's motion and dismisses Defendants' counterclaims **WITHOUT PREJUDICE**.  Accordingly, the Court also enters judgment of non-infringement and **DENIES AS MOOT** Defendants' pending motion for summary judgment of invalidity.  [Doc. No. 179.]

**BACKGROUND**

At the outset of this litigation, Plaintiff alleged versions 2.X and 3.X of products manufactured and sold by Defendant DATAllegro infringed U.S. Patent No. 7,177,874 (the "'874 patent"). With their answer, Defendants filed counterclaims seeking declaratory judgment of non-infringement, invalidity, and unenforceability against Plaintiff. [Doc. No. 44.]

On April 1, 2011, the Court granted Defendants' motion for summary judgment of non-infringement. [Doc. No. 191.] Defendants' counterclaims for declaratory judgment of invalidity and unenforceability remain before the Court. On March 16, 2011, Defendants moved for summary judgment on their invalidity claim. [Doc. No. 179.] Defendants indicated during oral argument that they intend to pursue at trial their unenforceability claim. [See also Defs.' Opp'n to Pl.'s MTD, Doc. No. 208, at 2 ("Defendants intend to show at trial that Plaintiff's patent is also unenforceable . . . .").]

The accused DATAllegro product was discontinued in 2008. [Pl.'s MTD, Ex. 4, Microsoft Corp.'s Opp'n to Pl.'s Mot. to Compel, 11cv87, Doc. No. 8 ("Microsoft Opp'n"), at 6:15-17.] Mr. Frost no longer works at DATAllegro or its parent company, Microsoft, and there are no pending allegations that either Defendant is currently infringing the '874 patent or producing any products that could infringe that patent. [Pl.'s MTD, Ex. 4, Frost Dep., at 12:12-13:17.]

Plaintiff now moves to dismiss Defendants' counterclaims, arguing alternatively that (1) the Court's granting summary judgment of non-infringement eliminated any case or controversy between the parties, and thus divested the Court of subject-matter jurisdiction over Defendants' claims, or (2) the Court should exercise its broad discretion under the Declaratory Judgment Act and dismiss Defendants' counterclaims.

**LEGAL STANDARD**

"A declaratory action is available when the facts as alleged 'under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment.'" Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 556 F.3d 1294, 1297 (Fed. Cir. 2009) (quoting MedImmune v. Genentech, Inc., 549 U.S. 118, 127 (2007)). In assessing whether an actual controversy sufficient to establish

jurisdiction over a claim for declaratory judgment exists, the Court must evaluate the totality of the circumstances "on the particular facts and relationships involved." Id.

"[A] case or controversy adequate to support jurisdiction of a declaratory judgment counterclaim necessarily exists if a party has actually been charged with infringement of a patent." Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1348 (Fed. Cir. 2005). "[T]he actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Revolution Eyewear, 556 F.3d at 1297 (internal quotation marks and citations omitted). Counterclaims for invalidity and unenforceability "raise[] issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement." Fort James, 412 F.3d at 1348. Thus, a finding of non-infringement, leaving no possibility of liability pending a patentee's appeal, does not divest a district court of jurisdiction to hear those counterclaims. Id.

The Declaratory Judgment Act, however, "provides that a court '*may* declare the rights and other legal relations of any interested party,' 28 U.S.C. § 2201(a) (emphasis added), not that it *must* do so." MedImmune, 549 U.S. at 136 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)). "This text has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" Id. (quoting Wilton, 515 U.S. at 286); see also Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1338 (Fed. Cir. 2007) ("[E]ven if there is an actual controversy, the district court is not required to exercise jurisdiction to address the merits of the action, as it retains discretion under the Act to decline declaratory judgment jurisdiction."); Nystrom v. TREX Co., Inc., 339 F.3d 1347, 1350-51 (Fed. Cir. 2003) ("We have previously held that a district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement.").

**DISCUSSION**

No one disputes that the Court had jurisdiction over Defendants' counterclaims for declaratory judgment when they were first filed. See Fort James, 412 F.3d at 1348. Because they "raise[] issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement," the Court retains subject-matter jurisdiction over Defendants' counterclaims. Id.

However, the Court has substantial discretion in deciding whether to assert jurisdiction over Defendants' counterclaims for declaratory judgment. MedImmune, 549 U.S. at 136. Here, judicial economy is best served by dismissing Defendants' remaining counterclaims.

If Plaintiff does not appeal the Court's summary judgment of non-infringement, or if he appeals but loses, Defendants face no risk of future litigation related to Plaintiff's '874 patent. The accused products were discontinued in 2008, and neither Defendant has expressed an intent to again produce a potentially infringing product. Defendants argue that if Microsoft someday develops and produces a derivative product of the accused technology, then Plaintiff might initiate an action related to the '874 patent against Microsoft that would necessarily implicate them. But "'an actual controversy cannot be based on a fear of litigation over future products.'" Revolution Eyewear, 556 F.3d at 1297 (quoting Amana Refigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 855 (Fed. Cir. 1999)). Thus, assuming the Court's summary judgment of non-infringement stands, Defendants do not face a sufficiently concrete threat of litigation related to the '874 patent to warrant proceeding to hear their invalidity and unenforceability counterclaims.

On the other hand, if Plaintiff does appeal, and if the Federal Circuit were to vacate or modify the Court's claim construction order, the parties would likely have to re-litigate Defendants' invalidity and unenforceability counterclaims, and the issue of infringement, in light of the revised construction of Plaintiff's '874 patent. See Akamai Techs. v. Cable & Wireless Internet Servs., 344 F.3d 1186, 1192 (Fed. Cir. 2003) ("The first step in any invalidity analysis is claim construction, an issue of law this court reviews *de novo.*" (citing Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc)); see also Dolby Labs., Inc. v. Lucent Techs., Inc., No. C:01-20709, 2005 WL 2171921, at *2 n.6 (N.D. Cal. Sept. 6, 2005) ("[A]ppellate review of the Court's claim construction obviously will impact any invalidity determination."); Schering Corp. v. Amgen, Inc., 35 F. Supp. 2d 375, 378 (D. Del. 1999) ("A remand carries with it the potential for a trial which would necessarily encompass the revised claim construction, as well as the validity and enforceability of the [patent-in-suit]."). Under these circumstances, proceeding with Defendants' counterclaims would be time consuming and would needlessly expend the Court's and the parties' resources.

4

Thus, the Court **DISMISSES WITHOUT PREJUDICE** Defendants' remaining counterclaims. Accordingly, Defendants' currently-pending motion for summary judgment of invalidity is **DENIED AS MOOT**, and the July 11, 2011, hearing on that motion is vacated. [Doc. No. 179.]

## CONCLUSION

The Court **GRANTS** Plaintiff's motion to **DISMISS WITHOUT PREJUDICE** Defendants' counterclaims for declaratory judgment of invalidity and unenforceability. [Doc. No. 201.] Defendants' motion for summary judgment of invalidity is **DENIED AS MOOT**. [Doc. No. 179.] Based upon the Court's April 1, 2011, order granting summary judgment [Doc. No. 191], the Clerk is directed to enter judgment against Plaintiff Jardin and in favor of Defendants Frost and DATAllegro on Plaintiff's claims of infringement and Defendants' counterclaim for declaratory judgment of non-infringement, terminating this case.

**IT IS SO ORDERED.**

**DATED:** 6/3/11

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**